IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANDREA GENRETTE,                )
                                )
            Plaintiff,           )
                                )
        v.                       )   C.A. No. 19-936 (MN)
                                )
BANK OF NEW YORK MELLON TRUST    )
COMPANY, N.A., et al.,           )
                                )
            Defendants.          )

**MEMORANDUM OPINION**

Andrea Genrette, New Castle, Delaware, Pro Se Plaintiff.

October 4, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Andrea Genrette ("Plaintiff"), filed this action for "a declaratory judgment, reapplication of debt forgiveness," and pursuant to the False Claims Act, 31 U.S.C. § 3729. (D.I. 2). She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Plaintiff asserts jurisdiction by reason of diversity, 28 U.S.C. § 1332. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff owns real property in New Castle, Delaware. As alleged, Defendant Bank of New York Mellon Trust, N.A. ("Bank of NY Mellon") is a nationally chartered trust company with offices throughout the United States that is headquartered in Los Angeles, California, operates as a subsidiary of The Bank of New York Mellon Corporation, and acts as the Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2004-RS8. (D.I. 2 ¶¶ 4, 5). Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a for-profit entity that offers residential mortgage loans and its loan servicing includes customer service, collections, investor accounting, escrow, loss mitigation, foreclosure, and property disposition. (*Id*. ¶ 6). Ocwen is based in West Palm Beach, Florida, and operates as a subsidiary of Ocwen Financial Corp. (*Id*.).

Plaintiff purchased the real property at issue in 2004. (*Id*. ¶ 17). Plaintiff sought, and was granted, a loan modification with previous servicer GMAC, but it was never recorded. (*Id*. ¶¶ 19-20). Plaintiff alleges that the debt forgiveness was removed by GMAC upon approval of the 2010 loan modification and that GMAC reported the deduction to the IRS in 2010. (*Id*. ¶ 59).

1

Plaintiff alleges that when Ocwen obtained servicing rights of the underlying loan in February 2013, it acknowledged the principal debt forgiveness, yet reapplied the $23,954.82 and, without reason or justification, placed the amount back on Plaintiff's outstanding balance. (*Id.* ¶¶ 31, 60). When the loan was transferred in 2013, there was no verification or recordation of the balance, terms, and conditions. (*Id.* ¶ 21). Plaintiff alleges the amount – distinguishable from the 2010 principal forgiveness amount of $23,954.82 – was to be removed from Bank of NY Mellon and Ocwen shortly after the transfer from GMAC. (*Id.* ¶ 22). In 2014, the loan was reinstated through settlement with the Delaware Housing Authority due to a change in Plaintiff's employment and a decrease in annual income. (*Id.* ¶ 23). In June 2014, settlement funds were paid to Ocwen on behalf of Plaintiff's account. (*Id.* ¶ 23).

On August 19, 2015, Plaintiff filed a Chapter 13 bankruptcy petition.[1] (*Id.* ¶ 27). On October 1, 2015, Bank of NY Mellon prepared, filed, and recorded an assignment of mortgage transferring an interest in the real property at issue to Bank of NY Mellon as trustee. (*Id.* ¶ 24). Plaintiff contests the validity of the assignment of mortgage. (*Id.* ¶ 25). Plaintiff alleges that she tendered payments to Ocwen well before the October 1, 2015 assignment, and it is impossible for Bank of NY Mellon to have standing or an interest in the property as of 2015 if Ocwen had been accepting payments. (*Id.* ¶¶ 32-33). Plaintiff alleges that Bank of NY Mellon, as trustee, was never properly assigned an interest in the property and that the assignment is void as being in contravention of the terms and conditions delineated in the Pooling and Servicing Agreement. (*Id.*

---

[1] Plaintiff has filed appeals in this Court seeking review of numerous orders entered by the Bankruptcy Court. *See e.g.*, C.A. Nos. 18-920-MN; 18-1883-MN; 19-1037-MN; 19-1664-MN. A review of the appeals reveals that Plaintiff has raised some of the claims in the instant complaint that she has also raised in the underlying bankruptcy proceeding and subsequent appeals. It seems as though Plaintiff filed this civil complaint as an attempt to circumvent rulings made the bankruptcy proceeding and/or her bankruptcy appeals.

¶¶ 34, 38). Plaintiff alleges that an actual controversy exists between Plaintiff and Bank of NY Mellon as to any rights or interests Bank of NY Mellon may have in the subject property. (*Id*. ¶ 43).

The Complaint alleges that Bank of NY Mellon filed a void assignment of mortgage with the County Recorder's Office and asserted an unlawful interest in the property at issue knowing that it had no legal interest in the property. (*Id*. ¶¶ 46-48). The Complaint alleges that Bank of NY Mellon knew that the assignment was fraudulent as a matter of law, knew at the time of recordation of the assignment that Plaintiff was under Chapter 13 bankruptcy protection, and attempted to perfect a post-petition title to the property. (*Id*. ¶¶ 52-55).

Count I, raised against Bank of NY Mellon, seeks declaratory judgment to deem the assignment of mortgage void as a matter of law; Count II, raised against Bank of NY Mellon, alleges violation of the False Claims Act, 31 U.S.C. § 3728; and Count III, appears to be raised against Ocwen, and seeks reapplication of the loan forgiveness amount.

### III. <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Assignment of Mortgage

In Count I, Plaintiff asks the Court to enter an order deeming the October 1, 2015 assignment of mortgage to Bank of NY Mellon void as a matter of law. Plaintiff argues that it is impossible for Bank of NY Mellon to have standing or any interest in the property at issue as of 2015 if Ocwen had been accepting payments well before October 2015. The Complaint alleges

that Bank of NY Mellon, as trustee, was never properly assigned an interest in the property and that the assignment is void as being in contravention of the terms and conditions delineated in the Pooling and Servicing Agreement. (*Id.* ¶¶ 34, 38).

As discussed by the Third Circuit, the majority of courts have held that a borrower in default has no standing to challenge an assignment said to violate a pooling service agreement. *See e.g.*, *Gilarmo v. U.S. Bank NA ex rel. CSAB Mortg. Backed Trust 2006-1*, 643 F. App'x 97, 100-01 (3d Cir. 2016) (citing *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88 (2d Cir. 2014). Plaintiff may not challenge Bank of NY Mellon's standing based on alleged non-compliance with the documents governing the trust. *See Gilarmo*, 643 F. App'x at 100-01. There are no allegations that Plaintiff is a party to the pool servicing agreement or that she is a third-party beneficiary of the pool servicing agreement. There are no allegations that the alleged improper transfer interfered with Plaintiff's ability to pay the note, or that the alleged improper assignment which merely substituted one creditor for another, changed her obligations. In addition, "[i] the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid." *Oliver v. Bank of Am.*, No. 13-4888 RMB/KMW, 2014 WL 1429605 (D.N.J. Apr. 14, 2014) (citing *Grullon v. Bank of Am., N.A.*, No. 10-427, 2013 U.S. Dist. LEXIS 48394, at *31-35 (D.N.J. Mar. 28, 2013); *Schiano v. MBNA*, No. 05-1771 (JLL), 2013 WL 2452681, at *25-26 (D.N.J. 2013; *In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012)). Count I is deficient and will be dismissed. *See Glenn v. Hayman*, No. 07-112, 2007 WL 894213, at *10 n.15 (D.N.J. Mar. 21, 2007) ("Plaintiffs, non-parties to Defendants' contracts, have no standing to sue for this alleged non-performance.").

Finally, Plaintiff made a similar claim in Bankruptcy appeal C.A. No. 18-920 (MN). There, the Court found that the Bank of NY Mellon is in possession of the Note and an assignment of

6

mortgage from Mortgage Electronic Registrations Systems, Inc. as nominee for Mercantile Mortgage Company (the original lender) to Bank of NY Mellon as well as a Note that is endorsed to Bank of NY Mellon. (C.A. No. 18-920, D.I. 41 at 12). The Court further found that Bank of NY Mellon was entitled to enforce both the Note and Mortgage under Delaware law. (*Id*.).

Count I of the Complaint is deficient and will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B.     False Claims Act

In Count II, Plaintiff attempts to raise a claim under the False Claims Act. Plaintiff, however, who proceeds *pro se,* may not bring a False Claims Act. "The False Claims Act creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment." *United States ex rel. Babalola v. Sharma*, 746 F.3d 157, 164 (5th Cir. 2014)). "[A]n individual proceeding *pro se* cannot pursue a [False Claims Act] claim, because every circuit is in agreement that 'a *pro se* litigant may not pursue a qui tam action on behalf of the Government.'" *Gunn v. Credit Suisse Group AG*, 610 F. App'x 155, 157 (3d Cir. 2015)) (affirming district court's dismissal of a qui tam action because it was filed by a *pro se* litigant).

Accordingly, the Court will dismiss Count II of the Complaint as non-cognizable.

### C.     Accounting Error or Unjust Enrichment

The Court is unable to discern Plaintiff's theory for recovery for the claim raised in Count III.

To the extent Plaintiff raises a wrongful accounting claim, the claim fails as a matter of law. Under Delaware law, "[a]n accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result." *Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 2130607, at *11 (Del.Ch.

Aug. 26, 2005). An accounting "reflects a request for a particular type of remedy, rather than an equitable claim in and of itself." *Stevanov v. O'Connor*, 2009 WL 1059640, at *15 (Del. Ch. Apr. 21, 2009); *see also Addy v. Piedmonte*, 2009 WL 707641, at *23 (Del. Ch. Mar. 18, 2009) (explaining that an accounting is "dependent on the viability and outcome of the underlying causes of action"); *Rhodes v. Silkroad Equity, LLC*, 2007 WL 2058736, at *11 (Del. Ch. July 11, 2007) ("An accounting is not so much a cause of action as it is a form of relief. Here, the demand for accounting is inherently dependent on the Court's decision on the fiduciary duty claims."). Plaintiff, therefore, may not state a claim for wrongful accounting.

To the extent Plaintiff seeks to raise a claim for unjust enrichment, the claim is time-barred. Under Delaware law, the statute of limitations for a claim of unjust enrichment is three years and the claim accrues when the wrongful act causing the enrichment and impoverishment occurred. *See* 10 Del. C. § 8106(a); *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 42-43 (Del. Ch. 2012). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010). Here, the Complaint alleges the loan forgiveness amount was reapplied by Ocwen in 2013, when it began servicing Plaintiff's loan. Plaintiff, however, did not commence this action until May 20, 2019, some three years after the expiration of the limitation period. It is obvious from the face of the complaint that a claim for unjust enrichment is time-barred.

The Court will dismiss Count III as legally frivolous.

**IV. CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order will be entered.